IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| GINA RODRIGUEZ, | ] |
| Plaintiff, | ] |
| vs. | ] Case No: |
| CGS AMINISTRATORS, LLC, | ] |
| Defendant. | ] |

## COMPLAINT

Plaintiff Gina Rodriguez, by and through counsel, brings this Complaint against Defendant CGS Administrators, LLC and alleges as follows:

## JURISDICTION & VENUE

1. This action involves the application of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*; and the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101, *et seq*.

2. This Court has jurisdiction of this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. §1331.

3. The claims asserted in this action arose in Davidson County, Nashville, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE PREREQUISITE

4. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued on September 23, 2019 and was received

by Plaintiff of September 25, 2019; a true and correct copy of which is attached hereto as Exhibit A. Further, Defendant is a foreign corporation that employees more than fifteen employees.

## PARTIES

5. Plaintiff, Gina Rodriguez, is an adult female individual and citizen of the United States who resides in Davidson County, Nashville, Tennessee.

6. At all relevant times, Gina Rodriguez (hereinafter, "Plaintiff" or "Ms. Rodriguez") was an employee of CGS Administrators, LLC (hereinafter, "Defendant" or "CGS"), within the meaning of the meaning of the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(A); and the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12111.

7. Defendant is a foreign corporation or similar business entity and may be served with process through its registered agent: CT Corporation System, 300 Montvue Rd., Knoxville, Tennessee 37919-5546.

8. At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year and was an "employer" pursuant to 29 U.S.C. § 2611(4)(A) of the FMLA.

## FACTUAL ALLEGATIONS

9. Ms. Rodriguez is a resident of Tennessee residing in Davidson County.

10. In 2008 Plaintiff was diagnosed with relapse-remitting multiple sclerosis.

11. The symptoms of Plaintiff's multiple sclerosis include, but are not limited to, eye pain and vision impairments; numbness and tingling; spine and cervical pain; sensitivity to heat; bowel and/or bladder issues; stiff muscles; ambulatory difficulties; difficulty with balance and coordination; fatigue; and depression.

12. Plaintiff utilizes medications, a healthy diet, and physical therapy to mitigate the symptoms of her disability.

13. Despite these mitigating efforts, Plaintiff suffers episodic flare-ups, or relapses, of her disability.

14. During a relapse, Plaintiff suffers inflammatory attacks which exacerbate her neurological symptoms.

15. During a relapse, Plaintiff suffers physical and mental impairments which substantially limit the major life activities of walking, standing, learning, thinking, concentrating, seeing, interacting with others, sleeping, caring for self, eliminating/controlling bodily waste, performing manual tasks, and communicating.

16. During a relapse, Plaintiff suffers physical and mental impairments which substantially limit the major bodily functions of immune system function, special sense organs, bowel and bladder function, brain function, neurological function, and musculoskeletal function.

17. During one such flare-up, Plaintiff became paralyzed from the waist down and lost her vision for approximately five (5) months.

18. When Plaintiff's disability is in remission, her symptoms partially subside.

19. Despite her disability, Plaintiff has continued to work since being diagnosed.

20. In 2013, Plaintiff started a new medication regimen which greatly improved her condition and helped keep her condition in remission.

21. Plaintiff was hired by Defendant as an Auditor II on August 1, 2016.

22. Defendant provides administrative and business services for managed care organizations, commercial health plans, Medicaid members, and medical equipment suppliers in 38 states.

23. Plaintiff performed her duties without issue and was never subject to discipline.

24. On July 18, 2018, Plaintiff started showing symptoms of a relapse.

25. Plaintiff contacted her doctor to describe her symptoms.

26. Plaintiff's doctor instructed her to go to the emergency room.

27. That same day, Plaintiff was admitted to Vanderbilt University Medical Center for treatment of the relapse.

28. Plaintiff remained hospitalized until approximately July 21, 2018.

29. The relapse resulted in Plaintiff being paralyzed from the waist down for approximately two weeks.

30. After being released from the hospital, Plaintiff required in-home physical therapy to regain feeling and movement in her legs.

31. On or around July 19, 2018, Plaintiff requested FMLA and short-term disability from Defendant.

32. On July 27, 2019, Plaintiff's doctor provided Defendant with an FMLA certification form.

33. Plaintiff was approved for short-term disability.

34. On or around the middle of August 2018, Plaintiff asked Senior Human Resources Generalist Adele Byrd about the possibility of working from home.

35. Ms. Byrd informed Plaintiff working from home qualifies as a reasonable accommodation under the Americans with Disabilities Act.

36. Plaintiff was capable of performing her essential duties from home on or around the middle of August 2018.

37. Ms. Byrd did not advise Plaintiff of the process to request a reasonable accommodation.

38. Plaintiff kept Defendant apprised of her condition and communicated about her treatment.

39. On August 28, 2018, Plaintiff's supervisor, Larry Kennedy, sent Plaintiff a text message stating her FMLA was exhausted.

40. Mr. Kennedy also told Plaintiff she had other options and instructed her to contact Andi Claiborne in human resources.

41. Plaintiff contacted Ms. Claiborne and was told her FMLA had not been exhausted.

42. During the August 28, 2018 phone call, Plaintiff requested an Accommodation Request form under the Americans with Disabilities Act.

43. On August 31, 2018, Adele Byrd informed Plaintiff her FMLA was exhausted effective July 30, 2018.

44. During the August 31, 2018 call, Ms. Byrd also informed Plaintiff her request for a leave of absence had been denied on or around August 13, 2018.

45. According to Ms. Byrd, Plaintiff's July 27, 2018 Medical Certification "does not support a full leave of absence for you."

46. Ms. Byrd failed to notify Plaintiff in writing of the specific deficiency in the medical certification.

47. Ms. Byrd similarly did not give Plaintiff the opportunity to cure any deficiency in the medical certification.

48. Rather, Ms. Byrd simply denied Plaintiff's request for leave.

49. On or about September 10, 2018, Plaintiff's physician submitted documentation supporting Plaintiff's request for a reasonable accommodation from Defendant.

50. Specifically, Plaintiff's physician requested Plaintiff have the ability to work from home.

51. On page 3 of the Accommodation Request form, Plaintiff's physician inadvertently checked "No" in the box asking if Plaintiff "is able to perform the essential functions of the job."

52. However, on pages 4 and 5 of the Accommodation Request, Plaintiff's physician identified the ability to "work from home" as "the specific accommodation needed to assist the employee in performing the essential functions of his or her job."

53. On or about September 12, 2018, Defendant summarily denied such request.

54. In the September 12, 2018 denial letter, Defendant failed to address Plaintiff's specific accommodation request: to work remotely from home.

55. Rather, Defendant relied solely on page 3 of the Accommodation Request in which Plaintiff's physician inadvertently checked the box indicating Plaintiff could not perform the essential functions of the job.

56. Defendant ignored pages 4 and 5 of the Accommodation Request which specifically identified and explained the requested accommodation.

57. Defendant also ignored Plaintiff's typed letter she provided with the Accommodation Request in which she again requested the ability to work from home.

58. At no time did Defendant engage in the interactive process with Plaintiff to determine whether working remotely from home would be a reasonable accommodation.

59. At no time did Defendant seek clarification from Plaintiff's physician regarding the conflicting information on page 3 of the Accommodation Request and the information on pages 4 and 5 of the Accommodation Request.

60. Defendant then posted a job opening for Plaintiff's position.

61. On November 28, 2018, Plaintiff left a voice mail with Adele Byrd stating she was ready to return to work.

62. That same day, November 28, 2018, Defendant drafted and mailed a letter to Plaintiff notifying her that her position had been filled and her employment had been terminated.

63. Defendant alleged Plaintiff's extended absence created an undue hardship on the business operations.

64. Plaintiff was ready and willing to work, with a reasonable accommodation, as early as mid-August 2018.

65. Plaintiff proposed a reasonable accommodation of working remotely from home.

66. Defendant failed to engage in the interactive process to determine whether Plaintiff could perform the essential functions of the job with her proposed reasonable accommodation.

67. Defendant denied Plaintiff's request for a reasonable accommodation.

68. Defendant retaliated against Plaintiff for engaging in protected activity, specifically, utilizing FMLA leave and requesting a reasonable accommodation under the ADA.

## COUNT I – VIOLATIONS OF FAMILY AND MEDICAL LEAVE ACT
### (RETALIATION)

69. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

70. Plaintiff alleges Defendant qualifies as an "employer" as defined in the FMLA, 29 U.S.C. § 2611(4) and employed over fifty (50) or more employees within a seventy-five (75) mile radius from the location in which the Plaintiff worked.

71. Plaintiff alleges she was an "eligible employee" as defined in the FMLA, 29 U.S.C. § 2611(2), as she had been employed continuously by Defendant for over a twelve-month period and worked at least 1,250 hours of service in the prior twelve-month period.

72. Plaintiff was entitled to "restoration to position" as defined in the FMLA, 29 U.S.C. § 2614(a)(1).

73. Defendant interfered with Plaintiff's attempt to exercise her right of entitlement to the restoration of her position or an equivalent position under the FMLA, pursuant to 29 U.S.C. § 2615(a).

74. Defendant retaliated against Plaintiff after she exercised her right of entitlement to leave under the FMLA, pursuant to 29 U.S.C. § 2615(a).

75. Defendant is responsible and liable under the FMLA, 29 U.S.C. § 2617(a).

76. Defendant in failing to restore Plaintiff to her position as well as terminating her employment after taking FMLA leave, willfully violated the anti-interference and retaliation provisions of the FMLA, 29 U.S.C. § 2615.

77. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

### COUNT II – VIOLATIONS OF AMERICANS WITH DISABILTIES ACT (DISABILITY DISCRIMINATION, RETALIATION, FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS, & FAILURE TO ACCOMMODATE)

78. Plaintiff re-alleges and incorporates herein the foregoing paragraphs.

79. Plaintiff was a qualified individual with a disability, she had a record of such disability and/or she was perceived as an individual with a disability.

80. Plaintiff was disabled in that she has been diagnosed with multiple sclerosis which substantially limits several major life activities.

81. Plaintiff's disability also substantially limited several major bodily functions.

82. Defendant regarded Plaintiff as disabled by perceiving that her impairments limited the major life activity of working.

83. Defendant discriminated against Plaintiff on the basis of her disability and/or perceived disability in violation of the ADAAA, 42 U.S.C. § 12112, *et. seq.*

84. Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

85. Defendant was aware of Plaintiff's disability.

86. Plaintiff requested a reasonable accommodation of working from home.

87. Defendant failed to engage in the interactive process to determine whether Plaintiff's reasonable accommodation would create an undue hardship.

88. Defendant failed to provide Plaintiff's reasonable accommodation of working from home.

89. Plaintiff's requested reasonable accommodation would not have created an undue hardship on Defendant's business operations.

90. Defendant to an adverse employment action against Plaintiff by denying her reasonable accommodation.

91. Defendant took an adverse employment action against Plaintiff by terminating her employment.

92. Defendant retaliated against Plaintiff for engaging in protected activity under the ADAAA.

93. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

94. As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of wages Plaintiff should have received under federal law but for Defendant's willful violation of her rights, plus an equal amount in liquidated damages pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2617(a)(1)(A);

(2) a judgment against the Defendant for damages, both compensatory and punitive, in an amount to be determined at trial;

(3) all reasonable attorney's fees, costs and interest pursuant to state and federal law; and

(4) any such other legal or equitable relief as may be appropriate or to which she may be entitled under state and federal law.

Respectfully Submitted,

**THE EMPLOYMENT & CONSUMER LAW GROUP**

**/s/ G. BRANDON HALL**_____
**JONATHAN A. STREET, BPR No. 021712**
**G. BRANDON HALL, BPR No. 034027**
525 4th Avenue South
Nashville, TN 37210
(615) 850-0632

*Attorneys for Plaintiff*

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**DISMISSAL AND NOTICE OF RIGHTS**

| To: | Gina Rodriguez<br>3675 Tampa Drive<br>Nashville, TN 37211 | From: | Nashville Area Office<br>220 Athens Way<br>Suite 350<br>Nashville, TN 37228 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 494-2019-00696 | Sylvia D. Hall,<br>Supervisory Investigator | (615) 736-5855 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Deborah K. Walker,
Area Office Director

SEP 2 3 2019
*(Date Mailed)*

Enclosures(s)

cc: Constangy, Brooks, Smith & Prophete
Attn: Nelson Suarez (Attorney)
401 Commerce Street, Suite 1010
Nashville, TN 37219

EMPLOYMENT & CONSUMER LAW GROUP
Attn: Ryan Simmons
525 Fourth Avenue South
Nashville, TN 37210

EXHIBIT
A- Right to Sue